# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:22-cv-00040-KDB-DSC

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, and TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NELSON R. EPPERLEY AND NATHAN JESTER, INDIVIDUALLY, AS THE PARENT AND NATURAL GUARDIAN, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF K.R.J., A MINOR,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on "Defendant Epperley's Motion to Dismiss Plaintiff's Amended Complaint" (document #20) filed July 13, 2022, as well as "Plaintiff's [unopposed] Alternative Motion for Jurisdictional Discovery and Brief in Support" (document #25) filed August 3, 2022.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Lab'ys, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir.

2003). Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues alone. See, e.g., SAS Inst. Inc. v. World Programming Ltd., No. 5:10-CV-25-FL, 2011 WL 1059139, *5-7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, No. CIV. WDQ-09-2651, 2010 WL 889551, at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that the parties should conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed but should be easily clarified through limited discovery. Accordingly, the Court will grant Plaintiff's Alternative Motion for Jurisdictional Discovery and administratively deny Defendant's Motion to Dismiss without prejudice to renewing the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. The parties shall conduct limited jurisdictional discovery with a deadline of November 30, 2022. Following the close of jurisdictional discovery, Plaintiff shall have until December 7, 2022 to file an amended complaint. Discovery shall be confined to personal jurisdiction issues related to Defendant's conduct towards the forum state, specifically information regarding:

- The for-sale posting for the golf cart, including where it was posted and any targeted geographic areas;
- Any other for-sale listings posted by Epperley;

- Epperley's interaction with Jester before and after the final sale of the golf cart, including negotiations, delivery arrangements and other discussions;
- The extent to which Epperley was aware that the golf cart would be used in North Carolina.

2. "Defendant Epperley's Motion to Dismiss Plaintiff's Amended Complaint" (document #20) is **ADMINISTRATIVELY DENIED WITHOUT PREJUDICE** to renewing the Motion following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: October 11, 2022

David S. Cayer
United States Magistrate Judge