# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:22-CV-00040-KDB-DSC

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, and TRAVELERS COMMERCIAL INSURANCE COMPANY | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NELSON R. EPPERLEY and NATHAN JESTER, individually as the Parent and Natural Guardian and as the Personal Representative of the Estate of K.R.J, a Minor, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant Nathan Jester's Motion to Dismiss the First Amended Complaint for Declaratory Judgment" (document #18) and the parties' briefs and exhibits (documents #19 and #23).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration. Having fully considered the arguments, the record, and the applicable authorities, the undersigned respectfully recommends that the Motion be *denied* as discussed below.

### I. Factual and Procedural Background

This dispute arises from an underlying lawsuit styled *Nathan Jester, individually as the Parent and Natural Guardian, and as the Personal Representative of the Estate of K.R.J., a*

*Minor v. Nelson Epperley, et. al.*, which is currently pending in the Court of Common Pleas in Greenville County, South Carolina, CAFN 2021-CP-23-02496. In the action before this Court, Plaintiffs The Travelers Indemnity Company, Travelers Property Casualty Insurance Company, and Travelers Commercial Insurance Company (collectively "Travelers") seek a declaration pursuant to 28 U.S.C. § 2201 that they have no duty to defend or indemnify Epperley for the claims in the underlying lawsuit.

The underlying lawsuit alleges that on April 20, 2019, Jester purchased a Club Car golf cart with a Steeleng lift kit that had been installed by Epperley. On May 26, 2019, Jester was riding in the front passenger seat and holding his eighteen-month-old son, K.R.J., on his lap. The golf cart hit a pothole, which allegedly caused the bolt on the swing arm steering assembly to come loose and allow the front wheel to break off. This caused the golf cart to flip and K.R.J. was ejected into the roadway. The underlying lawsuit alleges that the bolt on the golf cart came loose due to improper manufacturing and/or improper installation by Epperley and asserts various tort claims against him.

On April 12, 2022, Travelers filed a Complaint for Declaratory Judgment naming Epperley and Jester as Defendants. Plaintiffs seek a declaration that they had no duty to defend or indemnify Epperley for the claims in the underlying lawsuit under the Automobile, Homeowners, and/or Umbrella policies it had issued to him. Following Motions to Dismiss from both Epperley and Jester, Travelers filed its First Amended Complaint on June 29, 2022. Regarding Jester, Travelers alleges that:

> "As the plaintiff in the Underlying Lawsuit, Jester is a necessary party to this litigation pursuant to Fed. R. Civ. P. 19. Under North Carolina law, if Travelers has no duty to defend Epperley for the Underlying Lawsuit, it likewise has no duty to indemnify. If this court determines that Travelers has no duty to defend Epperley for the Underlying Lawsuit, Jester must also be bound by that judgement. Otherwise, Travelers risks inconsistent judgments and obligations if Jester is not a party to this lawsuit."

Jester then filed a Motion to Dismiss the First Amended Complaint for Declaratory Judgment pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6). He moves the Court to dismiss this action as to Jester because:

(1) Plaintiffs lack standing to assert any claim against him, and the court lacks subject matter jurisdiction as a result.

(2) Plaintiffs' indemnity risk claims against him are not ripe for adjudication.

(3) The Court should exercise its discretion to decline to assume jurisdiction of all claims against him.

(4) Assuming the Court has jurisdiction, it should dismiss all claims against him pursuant to Fed. R. Civ. Pro. 12(b)(6) because the First Amended Complaint fails to allege facts showing a plausible "actual controversy" between him and Travelers.

Travelers contends that these arguments are contrary to well-established Fourth Circuit precedent and ignore the key issue of whether Jester is a necessary party under Fed. R. Civ. Pro. 19.

## II. Analysis

**A. This Court has subject matter jurisdiction over Traveler's claims against Jester because he is a necessary party under Federal Rule of Civil Procedure 19.**

The crux of Jester's argument is that Travelers has no standing to obtain a declaratory judgment binding on him prior to the resolution of the underlying lawsuit, and thus this Court lacks subject matter jurisdiction. According to Jester, this is because Travelers has not alleged (1) that it suffered any actual or imminent harm arising from its contractual obligation to indemnify Epperley, or (2) that Jester caused Travelers to defend Epperley in the underlying lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (holding that to establish standing, a plaintiff must show: (1) that he suffered an actual or imminent injury in fact; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by a favorable decision).

In support of this argument, Jester points to *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 198 (4th Cir. 2019). There, an insurer sought a declaration as to whether it was required to pay any judgment against its insured in underlying state court proceedings pursuant to an "MCS-90" endorsement. This endorsement is not technically insurance, but rather a surety agreement that required Trustgard to pay up to one million dollars for "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles." *Id*. If the endorsement applied, the insurer would be obligated to pay a judgment against the insured. Jester notes that the Fourth Circuit expressed some uncertainty about whether Trustgard had standing to obtain a declaratory judgment, because its "alleged injury—that it might have to guarantee a future judgment against [the insured]—is of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit." *Id*. at 200.

*Trustgard* is distinguishable because the claim in that case was solely about the insurer's indemnification obligations prior to entry of a judgment, not its duty to defend. Travelers's purpose in filing this lawsuit is to obtain a declaration as to its duty to defend Epperley in the underlying lawsuit. If it has no duty to defend, it likewise has no duty to indemnify. Any duty to indemnify is derivative of the duty to defend. Travelers has named Jester as a Defendant solely to ensure that this Court's decision is binding on him in the future. Because *Trustgard's* holding turns solely on the duty to indemnify, it does not provide grounds for dismissal of this lawsuit.

Jester also relies on *Canal Ins. Co. v. 5M Transport, LLC*, No. 1:21-00324, 2022 U.S. Dist. LEXIS 108392 (S.D. West Va. June 17, 2022) to argue that this Court lacks subject matter jurisdiction over Traveler's claims against him. There, the insurer sought a declaration that it "ha[d] no duty to defend or indemnify" the insured. Citing *Trustgard*, the court reasoned that

when the subject is the duty to indemnify, "the insurer's injury is 'of a hypothetical and contingent nature' until the litigation against the insured is reduced to a judgment." *Id*. Because there was no allegation that the insured tendered its defense of the underlying lawsuit to its insurer, the court determined that there were "insufficient facts supporting the existence of an actual dispute over the duty to defend." *Id* \*8. Thus, the relief sought was tantamount to an advisory opinion, and the presence of subject matter jurisdiction was "highly questionable." *Id*. \*9-10.

That is not the case here. The crux of this lawsuit concerns Traveler's duty to defend (and any indemnification responsibility that derives from that duty.) In fact, the *5M Transport* Court stated that "[w]hen the subject is the duty to defend, jurisdiction becomes available sooner," and that "[i]n the insurance context, the general rule is that an actual controversy exists where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action." *Id*. at \*8. (citing *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004)). *5M Transport* thus weighs against this Court's dismissal of Traveler's claims against Jester since the duty to defend is at issue here.

Travelers argues that the relevant issue is not whether it has standing to sue Jester at this time, but rather whether he is a necessary party. Fed. R. Civ. Pro. 19 states that a party is necessary where it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede the person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fourth Circuit case law supports this argument. "When an insurer brings a declaratory judgment action against its insured, the underlying claimants are usually, but not always,

necessary parties to the insurance dispute." *Zurich Am. Ins. Co.*, 2019 U.S. Dist. LEXIS 117738, at *14 (M.D.N.C. July 16, 2019). There are three primary reasons for this general rule when an insurer sues the insured:

> "First, courts presume that the insured defendant will not adequately protect the insured party's interests. Second, when the insurer seeks a declaration about policy coverage, there is the potential to eliminate a source of funds to compensate the injured party without any input from the injured party. Third, if the injured party is not joined, it will not be bound by the court's declaration, thus causing the same issue to be relitigated in federal court and thereby reducing judicial efficiency." *Id*. (*citing Emplrs. Mut. Cas. Co.*, 2009 U.S. Dist. LEXIS 109985, at *14-15).

Travelers argues persuasively that all three criteria are met here. First, it would be counterintuitive for Jester to rely solely on Epperley—the opposing party in the underlying lawsuit—to protect his interest in securing adequate insurance proceeds to compensate him in the event of a successful recovery. Epperley's immediate interest presumably lies with obtaining a defense from Travelers against Jester's claims in the underlying lawsuit. Conversely, Jester's interest lies in ensuring that Travelers indemnify Epperley in the underling lawsuit. Given this difference, it would be imprudent of Jester to rely solely on Epperley to protect his interests in this lawsuit.

Second, if this Court determines that Travelers has no duty to defend and therefore no reason to indemnify Epperley in the underlying lawsuit, that precludes the recovery of any insurance proceeds by Jester and eliminates a source of recovery should he prevail in the underlying lawsuit. Jester therefore has an interest in the outcome of this litigation.

Finally, if Jester is not a party to this lawsuit, he will not be bound by this Court's judgment. If Jester obtains a judgment against Epperley, he could sue Travelers to recover on the judgment. That risks prejudicing Travelers by exposing it to potentially conflicting judgments

6

and inconsistent payment obligations. It also impedes judicial efficiency by allowing re-litigation of the same issues.

Because Jester is a necessary party to this litigation pursuant to Fed. R. Civ. Pro. 19, this Court has subject matter jurisdiction over the claims asserted against him. The undersigned respectfully recommends that the Motion to Dismiss the First Amended Complaint for Declaratory Judgment be denied.

**B. Traveler's claims as to Jester are ripe for adjudication.**

Jester also asserts that this action is subject to dismissal on ripeness grounds. But as discussed in Part III. A., the key issue in this case is not *when* Jester can sue Travelers, but whether he is necessary party to this suit pursuant to Fed. R. Civ. Pro. 19. Because he is a necessary party for the reasons discussed above, Traveler's claims against him are not subject to dismissal on ripeness grounds.

**C. Fourth Circuit case law favors this Court's exercise of jurisdiction.**

Jester next argues that this Court should decline to exercise its discretion under the Declaratory Judgment Act and abstain from hearing this coverage dispute. He appears to take the position that abstention is warranted because the federal lawsuit is duplicative of a parallel state court proceeding.

In support of this argument, Jester relies on *Med. Mut. Ins. Co of N.C. v. Littaua* Op. No. 21-1215 (4th Cir. May 23, 2022). The decedent's administrator filed a medical malpractice suit against the insured doctors in state court. Med Mutual initially provided the defense in the state case. But following discovery, the insurer alleged that the physician defendant made a material modification to the decedent's medical records. Med Mutual then brought a federal action seeking a declaratory judgment that it had "no obligation to provide insurance coverage for the

7

defense of the state case." *Id*. at 2. The estate moved to dismiss, and the district court granted the motion on the grounds that the declaratory judgment action could result in unnecessary entanglement with the state case. The Fourth Circuit affirmed, finding that the facts litigated in the federal declaratory judgment action could aid the plaintiff in state court and raise collateral estoppel issues: "The medical records are of primary importance in wrongful death suits such as this where medical malpractice is the core issue. The facts surrounding the alteration could aid the plaintiff in state court. Although this might be considered a close call, abstention here avoids the preclusive circumstances we seek to avoid." *Id*. at 14.

Travelers argues persuasively that the underlying lawsuit is not a parallel proceeding because it alleges tort claims as distinguished from the contract claims here. Jester's reliance on the abstention doctrine is therefore misplaced. *See Great Am. Ins. Co. v. Gross*, 468 F.3d. 199, 207 (4th Cir. 2006) ("The threshold question in deciding whether [] abstention is appropriate is whether there are parallel federal and state suits.")

In determining whether a case is a parallel state-court proceeding, the Fourth Circuit has considered (1) the similarities between the issues and parties; (2) the remedies sought by the parties in each suit; and (3) the overlap of facts necessary to prove the claims in each lawsuit. *Id*. Here, Travelers is not a party to the underlying lawsuit. The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties be almost identical." *Id*. The claims in this lawsuit are also distinct from those in the underlying lawsuit. This lawsuit requires interpretation of an insurance contract to determine whether Travelers has a duty to defend and indemnify Epperley in the underlying lawsuit, whereas the South Carolina action concerns whether Epperley is liable in tort to Jester for damages arising from the golf cart accident.

8

The remedies being sought in the two actions are also different. This lawsuit seeks a declaration as to coverage obligations, while the underlying lawsuit addresses liability and therefore cannot provide "an adequate vehicle for the complete and prompt resolution of the issues between the parties in this case." *Id*. Additionally, there is no guarantee that the issues litigated in the underlying lawsuit will include the facts necessary for Travelers to prove its claims.

Because the dispute before this Court presents contract claims distinct from the tort claims being litigated between Jester and Epperley in South Carolina, it is not a parallel state court proceeding and this Court need not decline to exercise jurisdiction.

**D. Jester's 12(b)(6) motion should be denied.**

Jester's final argument is that this Court should dismiss the First Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) because Travelers has failed to state a claim for declaratory judgment against Jester that is plausible on its face. Specifically, Jester argues that no actual controversy between Travelers and him has been alleged as required by 28 U.S.C. § 2201(a).

To avoid dismissal under Rule 12(b)(6), a complaint need not contain "detailed factual allegations," but a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" or mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must rise above a speculative level, and the complaint must plead "enough facts to state a claim that is plausible on its face." *Id*. at 570. Courts will "accept as true" all factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009).

In its First Amended Complaint Traveler's alleges:

"Jester is a necessary party to this litigation pursuant to Fed. R. Civ. P 19. Under North Carolina law, if Travelers has no duty to defend Epperley for the Underlying Lawsuit, it likewise has no duty to indemnify. If this court determines that Travelers has no duty to defend Epperley for the Underlying Lawsuit, Jester must also be bound by that judgment. Otherwise, Travelers risks inconsistent judgments and obligations if Jester is not a party to this lawsuit."

Travelers has sufficiently pled the basis for Jester's inclusion in the lawsuit by alleging that he is a necessary party who has an interest in the outcome of the litigation. The undersigned respectfully recommends that the 12(b)(6) Motion to Dismiss be denied.

### III. Recommendations

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant Nathan Jester's Motion to Dismiss the First Amended Complaint for Declaratory Judgment" be **DENIED**.

### IV. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. *Diamond v. Colonial Life*, 416 F.3d 310, 315–16 (4th Cir. 2005); *Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997); *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Diamond*, 416 F.3d at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Wells*, 109 F.3d at 201; *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED.**

Signed: November 2, 2022

David S. Cayer
United States Magistrate Judge