IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00040-KDB-DSC

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, AND THE TRAVELERS INDEMNITY COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> NATHAN JESTER AND NELSON R. EPPERLEY, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Jester's Motion to Dismiss (Doc. No. 18), the parties' associated briefs and exhibits, the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 28), recommending that the Motion be denied, and Defendant Jester's objection to the M&R (Doc. No. 29). The Court has carefully considered the motion, the parties' briefs, and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the M&R's recommendations should be adopted.

##### I. BACKGROUND

This action arises from *Nathan Jester, individually as the Parent and Natural Guardian, and as the Personal Representative of the Estate of K.R.J., a Minor v. Nelson Epperley, et. al.*, which is a lawsuit currently pending in the Court of Common Pleas in Greenville County, South Carolina. In that action, Jester alleges that on April 20, 2019, he purchased a Club Car golf cart

1

with a Steeleng lift kit that had been installed by Epperley. About a month later, Jester was riding in the front passenger seat and holding his eighteen-month-old son, K.R.J., on his lap when the golf cart hit a pothole. This allegedly caused the bolt on the swing arm steering assembly to come loose and allow the front wheel to break off. The golf cart flipped and K.R.J. was ejected into the roadway. The lawsuit alleges that the bolt on the golf cart came loose due to improper manufacturing and/or improper installation by Epperley and asserts various tort claims against him.

On April 12, 2022, Plaintiffs filed a Complaint for a Declaratory Judgment in this Court naming Epperley and Jester as Defendants. Plaintiffs seek a declaration that they had no duty to defend or indemnify Epperley for the claims in the underlying lawsuit under the Automobile, Homeowners, and/or Umbrella policies it had issued to him. Jester filed a Motion to Dismiss the First Amended Complaint under Fed. R. Civ. Pro. 12(b)(1) and (6), which the Magistrate Judge denied. *See* Doc. Nos. 18, 28. Jester has objected to the Magistrate's decision and the matter is now ripe for this Court's consideration. *See* Doc. Nos. 29, 34.

## II.    STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and

need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Nor does the Court perform a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty.*, 22 F.4th 412, 2022 WL 53977, at *1 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to

3

state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

In his objection to the M&R Jester argues that: (1) Plaintiffs have failed to establish standing; (2) this action is not ripe for adjudication because Jester has not obtained a state-court judgment against Epperley; and (3) even if the Court has jurisdiction and the matter is ripe, the Court should exercise its discretion and decline to assume jurisdiction. *See* Doc. No. 29. The Court will address each argument in turn.

A. Standing

The principle of standing originates from Article III of the United States Constitution, which "confines the federal judicial power to the resolution of 'Cases' and 'Controversies'". *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) (quoting U.S. CONST. art. III § 2). The standing inquiry asks, "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). The doctrine consists of both constitutional requirements and "prudential principles." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 60 L. Ed. 2d 66, 99 S. Ct. 1601 (1979). The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)

(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)) (internal citation omitted).

Jester argues that Plaintiffs have failed to establish constitutional standing to assert any claim against him because "they did not allege – nor could they allege – that Mr. Jester had caused them any present injury, or that Mr. Jester exposed them to any future risk of harm likely caused by Mr. Jester that was imminent and substantial." *See* Doc. No. 29. Jester maintains that any potential injury to Plaintiffs flows exclusively from their relationship with Epperley. Yet this case does not present an ordinary question of standing because Plaintiffs concede that Jester has not directly harmed them in any way. Rather, Plaintiffs have explicitly alleged that Jester is only named as a defendant because he is a necessary party under Fed. R. Civ. P. 19.

Rule 19(a) determines when a party qualifies as a "necessary party." A party is necessary when, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, a party is also necessary if it "claims an interest relating to the subject of the action" and disposing of the action in the party's absence could: (i) "impair or impede the [outside party's] ability to protect the interest" or (ii) "leave an existing party subject to a substantial risk of incurring" inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B). A party qualifies as necessary under the Rule if it satisfies either Rule 19(a)(1)(A) or Rule 19(a)(1)(B). *See Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 434 (4th Cir. 2014); *Hiscox Dedicated Corp. Mbr. v. Feld Entm't, Inc.*, 580 F. Supp. 3d 206, 211 (E.D. Va. 2022).

When, as here, an insurer brings a declaratory judgment action against its insured, the underlying claimants are usually necessary parties to the insurance contracts. *See Zurich Am. Ins. Co. v. Covil Corp.*, No. 1:18-CV-932, 2019 U.S. Dist. LEXIS 117738 at 14 (M.D.N.C. July 16, 2019) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, No. 11-cv-393-wmc, 2011 U.S. Dist.

5

LEXIS 163939, at *1 n.1 (W.D. Wisc. Dec. 21, 2011); *Emplrs. Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, No. 2:08-cv-233, 2009 U.S. Dist. LEXIS 109985, at *9 (N.D. Ind. Nov. 23, 2009) (collecting cases); *Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 418-19 (N.D. Ill. 1997). This is because the insured defendant is unlikely to adequately protect the injured party's interests, there is the potential elimination of a source of funds to compensate the injured party, and, if the injured party is not joined, it will not be bound by the court's decision, therefore potentially leading to re-litigation, reduced judicial efficiency and the possibility of inconsistent judgments. *See Zurich Am Ins. Co.*, 2019 U.S. Dist. LEXIS 117738, at * 15.

Here, Jester has a substantial interest in the insurance proceeds that are ultimately the subject of this litigation and thus deciding this action in his absence would impair his ability to secure funds for any potential judgment against Epperley. It would be counterintuitive, to say the least, for Jester to have to rely solely on Epperley—his opposing party in the underlying lawsuit— to protect his interest in securing adequate funds to potentially compensate him. Judicial efficiency also requires that Jester be bound by this Court's judgment if he obtains a judgment against Epperley to eliminate the risk of re-litigation and inconsistent judgments. As a result, Jester is a necessary party under Rule 19(a)(1)(B).

Despite being a necessary party[1], Jester maintains that Plaintiffs must establish independent standing against him. However, this cannot be right. One of the main goals of Rule 19(a) is to ensure judicial efficiency. Still, Jester asks this Court to, in effect, dismiss him from this matter and allow him to relitigate this issue if he does not like the outcome. This is precisely the situation Rule 19(a) seeks to avoid. In sum, Plaintiffs satisfy all the required elements of constitutional

---

[1] Jester does not object to the Magistrate's conclusion that he is a necessary party but rather argues that conclusion is irrelevant because Plaintiffs do not have standing. *See* Doc. No. 29.

standing to assert claims against Epperley. As such, there is a controversy before this Court that is not "hypothetical or abstract." And, Jester is a necessary party to that controversy. Accordingly, the Court has jurisdiction over this matter and will deny Jester's Motion as to lack of standing.

    B. Ripeness

Ripeness is a justiciability doctrine intended to prevent the courts from entangling themselves in premature disputes. *See, e.g.*, N*ational Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807-08, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Id.* (internal quotations and citations omitted). "[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199 (4th Cir. 2019) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967)). Thus, a claim should be dismissed for lack of ripeness if the plaintiff has not yet suffered injury and any future impact "remains wholly speculative." *Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996). In determining ripeness, "[a] case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (internal citation omitted)

Jester argues that this action should be dismissed on ripeness grounds because he has not yet obtained a judgment against Epperley. Therefore, any potential injury to the Plaintiffs is hypothetical. However, this argument fails because Plaintiff's duty to provide a defense to Epperley is at issue, not just the duty to indemnify. While the Fourth Circuit has held that claims for indemnity are not ripe for adjudication until a judgement has been entered, *see A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928, 932-33 (4th Cir. 1977), the duty to

7

defend is distinct from the duty to indemnify.[2] In fact, the caselaw relied on by Jester recognizes the distinction between of the duty to defend and the duty to indemnify.

In *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 198 (4th Cir. 2019), upon which Jester relies heavily, the Fourth Circuit expressed doubt as to whether a liability insurance company had standing to obtain a declaratory judgment that it would owe no duty to guarantee a future judgment against the insured. *Id*. at 199. However, in *Trustgard Ins. Co* the insurer's duty to defend was not at issue. *Id.* at 200 ("here, we do not face any claim about Trustgard's duty to defend the state lawsuit, only to pay a resulting judgment."). At issue in *Trustgard* was a surety agreement that required the insurer to pay up to $1,000,000 for "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles." *Id*. at 198. The Court specifically noted it had "distinguished duty-to-defend cases that addressed who was required to pay the costs of defending a suit prior to judgment" from suits involving solely indemnification like the one at issue in *Trustgard. Id.* at 200.

Likewise, in *Canal Ins. Co. v. 5M Transport, LLC,* No. 1:21-00324, 2022 U.S. Dist. LEXIS 108392 (S.D. West Va. June 17, 2022), the insurer sought a declaration that it had "no duty to defend or indemnify" the insured. *Id*. at *7. Ultimately, the court found that there were "insufficient facts supporting the existence of an actual dispute over the duty to defend" because there was no allegation that the insured tendered its defense to its insurer. *Id*. at 8. Yet the court noted, "[t]he jurisdictional analysis for each of these subjects of declaratory relief (duty to defend

---

[2] Both North Carolina and South Carolina law recognize this distinction. *See Sloan Constr. Co. v. Cent. Nat'l Ins. Co.*, 236 S.E.2d 818, 820 (S.C. 1977) ("The agreement to defend contemplates the rendering of services" while indemnification "contemplates merely the payment of money."); *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986) ("[T]he insurer's duty to defend the insured is broader than its obligation to pay damages incurred by events covered by a particular policy.")

8

and duty to indemnify) is unique from a timing perspective." *Id*. at 7. When "the subject is the duty to defend, jurisdiction becomes available sooner." *Id*. at *8.; *see also Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004) ("In the insurance context, the general rule is that an actual controversy exists where an insured alleges that its insurer has a duty to defend him against potential liability in an underlying action."); Steven Plitt et al., 16A Couch on Ins. § 227:29 ("It has been stated that where the insurance policy contains a defense obligation and the insured has called upon the insurer to assume its defense, that dispute is sufficiently immediate to allow the court to issue a declaration").

Here, Plaintiffs' duty to defend is at issue. Plaintiffs allege that are they currently defending a lawsuit that they have no duty to defend. *See* Doc. Nos. 13, p. 12; 33, p. 13.[3] Epperley disagrees. Therefore, an actual controversy exists, and the matter is ripe for adjudication. The Court will therefore deny the Motion as to ripeness.

C. Abstention

Lastly, Jester argues that even if the Court does have jurisdiction over this matter, it should exercise its discretion and decline to assume jurisdiction. Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases. *Id*. at 287. Whether exercising this jurisdiction is

---

[3] On December 7, 2022, Plaintiffs filed a Second Amended Complaint. *See* Doc. No. 33. Having reviewed the Second Amended Complaint, and absent any assertion by the parties to the contrary, the Court finds that it does not materially alter the arguments before the Court.

appropriate must be "informed by the teachings and experience [of the courts] concerning the functions and extent of federal judicial power." *Id*. Put another way, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration." *Id*. at 288.

In declaratory judgment actions, courts must consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction when an ongoing proceeding in state court overlaps with the federal case. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). In making this determination, courts look to (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping. *See Penn-Am. Ins. Co.*, 368 F.3d at 412 (citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting *Nautilus Ins. Co. v. Winchester Homes*, Inc., 15 F.3d 371, 377 (4th Cir. 1994), *abrogated in part on other grounds by Wilton*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214)).

Having weighed these factors, the Court finds that abstention would be inappropriate. First, South Carolina has no weighty interest in deciding this insurance dispute and this Court can efficiently resolve this matter. Also, there is no novel or unique question of state law at issue in this declaratory judgment action. Second, a determination on the merits will not result in unnecessary entanglement on any overlapping issues of fact or law. The underlying wrongful death action concerns whether there was any negligent manufacturing or instillation of the lift kit on the golf cart involved in the fatal accident. In contrast, the issue here is whether liability arising from a golf cart accident on a public road falls within the intended scope of Epperley's

10

insurance coverage. While there will of course be some factual overlap between the suits, the issues are fundamentally different, and any overlap would therefore be inconsequential. And lastly, no evidence suggests that the filing of this suit stems from forum shopping. Simply put, abstention is the exception, not the rule and the Court finds no reason to abstain here. Therefore, the Court will not abstain and will assume jurisdiction over this matter.

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court adopts the findings and conclusions of the M&R and accepts its recommendation to deny Jester's motion;
2. Jester's Motion to Dismiss (Doc. No. 18) is **DENIED;** and
3. This matter shall proceed towards a decision on the merits absent a voluntary resolution of Plaintiffs' claims among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 19,

Kenneth D. Bell
United States District Judge