IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00040-KDB-DSC

TRAVELERS COMMERCIAL
INSURANCE COMPANY,
TRAVELERS PROPERTY
CASUALTY INSURANCE
COMPANY, AND THE
TRAVELERS INDEMNITY
COMPANY OF AMERICA,

     Plaintiffs,

     v.                                                                                  **ORDER**

NATHAN JESTER AND NELSON
R. EPPERLEY,

     Defendants.

**THIS MATTER** is before the Court on Defendant Jester's Motion for Reconsideration of the Court's Order adopting the Magistrate's recommendation that his Motion to Dismiss be denied. (Doc. Nos. 38). For the reasons discussed below, the Court will **DENY** the Motion.

## I.    BACKGROUND

This action arises from *Nathan Jester, individually as the Parent and Natural Guardian, and as the Personal Representative of the Estate of K.R.J., a Minor v. Nelson Epperley, et. al.*, which is a lawsuit currently pending in the Court of Common Pleas in Greenville County, South Carolina. In that action, Jester alleges that on April 20, 2019, he purchased a Club Car golf cart with a Steeleng lift kit that had been installed by Epperley. About a month later, Jester was riding in the front passenger seat and holding his eighteen-month-old son, K.R.J., on his lap when the golf cart hit a pothole. This allegedly caused the bolt on the swing arm steering assembly to come

1

loose and allow the front wheel to break off. The golf cart flipped and K.R.J. was ejected into the roadway. The lawsuit alleges that the bolt on the golf cart came loose due to improper manufacturing and/or improper installation by Epperley and asserts various tort claims against him.

Plaintiffs issued Automobile, Homeowners, and/or Umbrella policies to Epperley. On April 12, 2022, Plaintiffs filed a Complaint for a Declaratory Judgment in this Court naming Epperley and Jester as Defendants. Plaintiffs seek a declaration that they had no duty to defend or indemnify Epperley for the claims in the underlying lawsuit under their issued policies. . In response, Jester filed a Motion to Dismiss the First Amended Complaint under Fed. R. Civ. Pro. 12(b)(1) and (6), which the Magistrate Judge recommended that this Court deny. *See* Doc. Nos. 18, 28. Jester then objected to the Magistrate's decision. *See* Doc. Nos. 29, 34. This Court adopted the Magistrate's recommendation, finding that Jester was properly added as a necessary party and that "an actual controversy exists, and the matter [was] ripe for adjudication." *See* Doc. No. 35. Jester has now moved the Court for reconsideration of its Order denying his motion to dismiss. *See* Doc. Nos. 35, 38.

## II.    LEGAL STANDARDS

While the Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration," such motions, however, are allowed in certain, limited circumstances. Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citing *Fayetteville Investors v.*

*Commercial Builders, Inc*., 936 F.2d 1462, 1469 (4th Cir. 1991)). The power to reconsider or modify interlocutory rulings is committed to the discretion of the district court. *See Fayetteville Investors,* 936 F.2d at 1473. Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. *Am. Canoe*, 326 F.3d at 514.

Grounds for Rule 54(b) reconsideration include: (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Such motions are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id; DIRECTV, INC. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004). The motion is inappropriate where it "merely reiterates previous arguments." *Univ. of Va. Patent Found. V. Gen. Elec. Co*., 755 F.Supp. 2d 738, 744 (W.D. Va. 2011).

### III.    DISCUSSION

Jester moves this Court to reconsider its earlier decision in light of the Sixth Circuit's decision in *Safety Specialty Ins. Co. v. Genesee Cty. Bd. of Comm'rs*, 53 F.4th 1014 (6th Cir. 2022).[1,2] In *Safety.,* the Sixth Circuit addressed an insurance-coverage dispute that originated from two class-action lawsuits against several Michigan counties that retained surplus proceeds from the tax-foreclosure sales of private property. *Id*. at 1018. Genesee County sought coverage from

---

[1] *Safety Specialty Ins. Co*. was decided subsequent to the Motion to Dismiss being fully briefed but was issued prior to the Court's December 19, 2022, Order.

[2] As acknowledged by Jester, this Court is not bound by an out-of-circuit precedent. *See United States v. Holmes*, No. 3:10cr102, 2012 U.S. Dist. LEXIS 84430, at *9 (W.D.N.C. June 18, 2012). Jester therefore points to this decision as persuasive, rather than binding, authority.

3

Safety for the two class-action lawsuits, which Safety denied. Safety then filed a declaratory-judgment action in federal court against Genesee County and the two named class-action plaintiffs, seeking a ruling that, under its insurance policies, it owes no duty to defend Genesee County from the lawsuits or to indemnify it from any subsequent damages. *Id.* at 1019. The two named class-action plaintiffs sought dismissal on the grounds that Safety lacked Article III standing to sue them. *Id.* Both the District Court and the Sixth Circuit agreed with the two named class-action plaintiffs and dismissed the claims against them.

On its face, the decision in *Safety* appears to contradict this Court's earlier decision. But on closer inspection *Safety* is distinguishable on its facts. The District Court conceded that "much of the relevant caselaw suggests that, in coverage disputes, 'the insurer typically has standing to pursue a declaration against the injured party.'" *Id.* at 1019. In declining to follow this established caselaw, the District Court noted the unique facts at play in *Safety*. Genesee County, the defendant and named insured, was not alleged to have engaged in any wrongful conduct. Rather, Genesee County appears to have been added to the underlying lawsuits purely for class-representation purposes. Hence the District Court was uncertain whether the two named class-action plaintiffs would prevail in their lawsuits and what damages, if any, they could recover from Genesee County. *Id.* As a result, the District Court found that there was no actual dispute involving the Plaintiffs and the two class action plaintiffs because the class-action plaintiffs' claims were really against parties other than Genesee County.

In upholding the District Court' decision, the Sixth Circuit likewise emphasized the unique facts of the case: Here "Genesee County is not the "alleged tortfeasor" that supposedly injured [the named plaintiffs]. That distinction belongs to two nonparties, Gratiot County and St. Clair County, where [the named plaintiffs] live." *Id.* at 1023. The court even acknowledged that it had previously

4

allowed an insurer to bring a declaratory-judgment action against both the insured and injured parties, recognizing that often the "real dispute is between the injured third party and the insurance company, not between the injured and an often-times impecunious insured." *Id*. Finding that "no real dispute exists—at least, for now—between Safety and [the named plaintiffs]" the court upheld the District Court's dismissal. *Id*.

Here, the facts are very different. Jester explicitly alleges wrongdoing against Epperley in the underlying state lawsuit. Specifically, he contends that Epperley improperly and negligently installed the lift kit. (*See* Doc. No. 33 ¶¶ 18-20). Travelers is seeking a declaration concerning its duty to defend or indemnify Epperley. As noted in the Court's earlier ruling, this Court's findings therefore could potentially eliminate a source of recovery for Jester should he prevail against Epperley in the state lawsuit. Jester thus has a tangible interest in the matter before this Court. In sum, unlike in *Safety*, there is a concrete and ripe dispute between the parties because of Jester's explicit allegations against Epperley, Travelers' insured.

**NOW THEREFORE IT IS ORDERED THAT** Defendant Jester's Motion for Reconsideration of the Court's Order adopting the Magistrate's recommendation, (Doc. Nos. 38), is **DENIED**.

**SO ORDERED.**

Signed: February 1, 2023

Kenneth D. Bell
United States District Judge